IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ROBERT WILLARD HUDSON, JR., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:15-CV-3337-G-BK |
| § | |
| DETECTIVE EDMUNDO LUJAN § | |
| and THE CITY OF DALLAS, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management.  Now before the Court are Plaintiff's *Motion for Partial Summary Judgment*, Doc. 12, and Defendant City of Dallas' *Rule 12(b)(6) Motion to Dismiss*, Doc. 16.  For the reasons that follow, the Court recommends that Plaintiff's motion be **DENIED** and Defendant's motion be **GRANTED**.  Additionally, upon further review, the Court recommends that the suit against Detective Edmundo Lujan ("Lujan") in his individual capacity be **DISMISSED** *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief may be granted.

**I.   BACKGROUND**

In November 2015, Plaintiff filed an amended complaint raising constitutional claims against Defendant City of Dallas ("the City") and Lujan (collectively "Defendants").  Doc. 12. Plaintiff contends that Detective Lujan, acting as an agent of the City, sent Plaintiff an email in which he "ordered the Plaintiff to get offline and remove anything he . . . may have posted online."  Doc. 12 at 2.  Plaintiff alleges that the City thereby allowed its police department to

develop practices, policies, and procedures that it knew or should have known would result in the deprivation of the constitutional rights of those it investigates. Doc. 12 at 3. In particular, Plaintiff avers that the City has a custom of (1) allowing its police department to resolve cases based on the complaints of questionable witnesses who filed cases that were not viable; and (2) permitting police officers to use their official status to intimidate citizens against whom they received non-viable complaints. Doc. 12 at 3. Plaintiff claims that Defendants' actions violated his rights to due process, equal protection, free speech, to confront one's accuser, and to be innocent until proven guilty. Doc. 12 at 3.

Reading the *pro se* pleadings liberally and piecing together the pertinent facts from Plaintiff's various filings, it appears that Plaintiff's troubles began when the police department received a report on him, but chose not to file a charge against him. Doc. 3 at 8. Instead, Lujan sent an email to Plaintiff stating "Robert, as I mentioned it [sic] to you, you need to stop and take any sites or ads down asap." Doc. 3 at 8. Plaintiff claims that because of Lujan's email, he was forced to take down his Facebook page. Doc. 3 at 4.

Apparently, the report filed against him stemmed from a disagreement Plaintiff had with his former employer, America's Swimming Pool Company. Doc. 10 at 5. He claims that when he quit the job due to threats of physical violence from his co-workers, "an online argument ensued," and Plaintiff's employer eventually filed the police report against him, but it never resulted in any charges against Plaintiff. Doc. 21 at 2, 4.[1] Plaintiff claims that in that process, his former employer convinced Lujan to issue his "unlawful order" banning him from the internet. Doc. 3 at 5; Doc. 21 at 2.

---

[1] Plaintiff also states that his employer was sent a cease and desist order for harassing Plaintiff's family by sending him threatening emails and letters "telling them they would burn in hell." Doc. 21 at 2.

2

actual

The City now moves to dismiss Plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 26.  Plaintiff seeks summary judgment on the factual matters underlying his claim, a declaratory judgment that the policy and practice in question is illegal, and a permanent injunction halting the policy and practice.  Doc. 12 at 2-4.

## II.    APPLICABLE LAW

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  The complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity, and the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

42 U.S.C. § 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under section 1983, a plaintiff must allege facts that show he has been deprived of a right secured by the Constitution and the laws of the United States, and the defendants were acting under color of state law.  See *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

**III. ARGUMENTS AND ANALYSIS**

 **A. Claims against Detective Lujan in his official capacity**

 The City first argues that the claims against Detective Lujan that are brought in his official capacity must be dismissed because a claim against a government employee in his official capacity is the same as a claim against the governmental body. Doc. 16 at 3-4. Plaintiff does not respond to this argument, but rather attacks Detective Lujan's credibility and reasserts his claims. Doc. 21 at 2-4.

 Official capacity suits against government employees essentially represent another way of pleading an action against the entity of which the employee is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Consequently, the claims Plaintiff alleges against Detective Lujan in his official capacity should be **DISMISSED WITH PREJUDICE**. *See Sanders v. English*, 950 F.3d 1152, 1159 n.13 (5th Cir. 1992) (noting that a suit against city employees in their official capacities was tantamount to a suit against the city itself).

 **B. Municipal liability**

 The City asserts that Plaintiff fails to plead the identity of any policymaker to whom the Court could attribute knowledge of an alleged City custom that led to a deprivation of Plaintiff's constitutional rights such as to warrant municipal liability. Doc. 16 at 6. Moreover, the City asserts that Plaintiff's complaint does not allege any facts indicating that any such custom has the force of official City policy that was the legal cause of Detective Lujan's allegedly unconstitutional conduct. Doc. 16 at 6-7. Finally, the City notes that Plaintiff also did not plead facts that would permit a reasonable inference that any final policymaker was deliberately indifferent to a known or obvious risk of constitutional harm. Doc. 16 at 8.

In response, Plaintiff asserts that Defendants publicly, and unconstitutionally, accused him of a crime that he did not commit by virtue of the email that Detective Lujan sent to Plaintiff telling Plaintiff to get offline and to remove previous postings. Doc. 21 at 3-5. Plaintiff asserts that the City has a policy of such acts as evidenced by the fact that when he complained of Detective Lujan's actions to a City police sergeant, he was told that Detective Lujan had acted in accordance with police procedures and would do the same in a similar case. Doc. 21 at 6-7. Plaintiff does not address the City's arguments regarding causation or deliberate indifference.

A city does not automatically incur section 1983 liability for injuries caused solely by its employees, and it cannot be held liable under section 1983 on a *respondeat superior* theory. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691, 694 (1978); *Johnson v. Deep East Tex. Reg'l Narcotics*, 379 F.3d 293, 308 (5th Cir. 2004). Moreover, a municipality is almost never liable for an isolated unconstitutional act on the part of an employee. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Rather, to establish municipal liability under section 1983 requires the existence of: (1) a policymaker; (2) a policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694.

Actual or constructive knowledge of the unconstitutional custom must be attributable to the county's governing body or to an official to whom policymaking authority has been delegated. *Johnson*, 379 F.3d at 309. A policy or custom can be either (1) a policy statement or rule that is officially promulgated by the county's lawmaking officers or a delegated official; or (2) a persistent, widespread practice of county officials or employees, which is so common and well settled as to constitute a custom that fairly represents county policy. *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984). In describing the term "custom," the Supreme Court has used such phrases as "persistent and widespread . . . practices," "systematic

maladministration" of the laws, practices that are "permanent and well settled," and "deeply embedded traditional ways of carrying out . . . policy." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).

To show that the policy at issue was the moving force behind the constitutional violations, Plaintiff must show a direct causal link between the policy and the violations. *Piotrowski*, 237 F.3d at 580; *see also Johnson*, 379 F.3d at 310 (there "must be more than a mere 'but for' coupling between cause and effect"; the policy "must be closely related to the ultimate injury" and have "actually caused" the constitutional violation complained of).  Finally, for a municipality to be liable based on its policy, a plaintiff must show either (1) that the policy itself violated federal law or authorized the deprivation of federal rights; or (2) "that the policy was adopted or maintained by the municipality's policymakers with 'deliberate indifference' as to its known or obvious consequences . . . .  A showing of simple or even heightened negligence will not suffice." *Johnson*, 379 F.3d at 309 (quotation omitted).  The latter showing "generally requires that a plaintiff demonstrate at least a pattern of similar violations." *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003).

In this case, Plaintiff has not identified a municipal official or policymaker, which in itself is fatal to his claim.  Additionally, Plaintiff has not pled sufficient actions from which a policy or custom can be derived.  In essence, Plaintiff alleges that Defendants resolved his case based on the complaints of questionable witnesses who made false allegations against him, and Detective Lujan used his official status to intimidate Plaintiff.  While Plaintiff phrases these purported customs more broadly, the only factual allegations in support that he raises relate solely to actions involving himself.  *Piotrowski*, 237 F.3d at 578.  This is plainly insufficient. *Burge*, 336 F.3d at 370.  Further, Plaintiff's isolated conversation with a police sergeant who

6

stated that Detective Lujan's actions were standard procedure is not enough to elevate the incident into a policy or custom, particularly as there is no allegation (nor could there be) that the sergeant is an official with policymaking authority for the City. *Johnson*, 379 F.3d at 309. Lastly, Plaintiff discusses neither the causation nor deliberate indifference requirements needed to state a claim against the City. For all of these reasons, his claims against the City should be **DISMISSED**.

Finally, Plaintiff's request for partial summary judgment on various factual matters pled in his complaint should be **DENIED** because, for all the reasons previously stated herein, he has not shown that he is entitled to judgment as matter of law. *See* FED. R. CIV. P. 56(a) (providing that summary judgment and partial summary judgment are appropriate if there is no genuine dispute as to any material fact *and* the movant is entitled to judgment as a matter of law).

### C. Dismissal of remaining claims against Lujan as frivolous

Under the power of 28 U.S.C. § 1915(e)(2)(B), the "court shall dismiss the case at any time if the court determines that . . . the action or appeal is (i) frivolous or malicious; [or] (ii) fails to state a claim on which relief can be granted." In light of the more recent pleadings filed in this case, the undersigned concludes that Plaintiff's allegations against Lujan in his individual capacity are both frivolous and fail to state a claim. All of Plaintiff's allegations essentially stem from the police department's decision not to charge him despite a police report being filed against him. This does not violate due process, the right to confront one's accuser, or to be considered innocent until proven guilty. Moreover, Lujan's one-sentence email to Plaintiff hardly constitutes a violation of his equal protection rights. Indeed, nowhere does Plaintiff claim that he was treated differently than anyone else by Lujan or the City. Finally, free speech is not violated when a police officer advises a citizen to stop engaging in an "online argument," as

Plaintiff himself describes it.  Police have an obligation to intervene when disagreements an disputes rise to the level that a party seeks the assistance of law enforcement, as apparently occurred here.  Thus, it was well within Lujan's job duties and discretion to advise Plaintiff to stop the problematic behavior.

And although the Court does not rely on this fact, it should be noted that to overcome Lujan's qualified immunity defense, Doc. 15 at 3, Plaintiff would likewise have to establish a constitution violation.  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  The qualified immunity inquiry involves two prongs that the Court must answer affirmatively before an official is subject to liability: (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct.  *Pearson*, 555 U.S. at 232.  A court may begin its assessment with either prong.  *Id.* at 236 (*overruling in part Saucier v. Katz*, 533 U.S. 194 (2001)).

As noted *supra*, Plaintiff has wholly failed to establish that Lujan violated his constitutional rights; and allegations that Plaintiff took down his Facebook page as a result of Lujan's one-line email directive are woefully insufficient.  Based on all of the foregoing, it is recommended that the claims against Lujan in his individual capacity be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B).

### D. Leave to Amend

Plaintiff requests that he either be permitted to amend his complaint again or that the Court also consider his original complaint in ruling on Defendants' dismissal motion. Doc. 21 at 8-9. Ordinarily, Plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, however, Plaintiff already has amended his complaint. In determining whether to grant Plaintiff leave to amend again, the Court will consider "prejudice to the opposing party, undue delay, repeated failure to cure deficiencies with prior amendment, bad faith, dilatory motive and futility of amendment." *Union Planters Nat'l Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).

In this case, even considering Plaintiff's original complaint and both of his responses to the City's dismissal motion, he includes only minimal conclusory allegations and facts, and lacks legal support. Doc. 3; Doc. 21; Doc. 28. Moreover, the facts Plaintiff sets forth do not directly implicate the City in any legally cognizable wrongdoing. Finally, Plaintiff has twice failed to address key components of the City's municipal liability argument. *See* Doc. 21; Doc. 28. As such, the Court concludes that Plaintiff has already pled his best case. Allowing Plaintiff to file a third complaint would be futile and cause needless delay. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."). Accordingly, the Court should decline to allow Plaintiff to amend his complaint and **DISMISS WITH PREJUDICE** all of his claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## IV.  CONCLUSION

For the reasons stated, it is recommended that Plaintiff's *Motion for Partial Summary Judgment*, Doc. 12, be **DENIED**, the City's *Rule 12(b)(6) Motion to Dismiss*, Doc. 16, be **GRANTED**, the claims against Lujan in his individual capacity be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and this case be **CLOSED**.

**SO RECOMMENDED** on May 17, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE